**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-31-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SHILO BILL NIGHTSHOOT, | |
| Defendant. | |

## I.  Synopsis

Defendant Shilo Bill Nightshoot (Nightshoot) has been accused of violating the conditions of his supervised release.  Nightshoot admitted alleged violations 2, 3, 4 and 5.  Nightshoot denied alleged violation 1.  The Court dismissed alleged violation 1 on the government's motion.  Nightshoot's supervised release should be revoked.  Nightshoot should be placed in custody for 14 months, with no supervised release to follow.  Nightshoot should serve his term of custody at the Federal Correctional Institution in Sandstone, Minnesota.

## II.  Status

Nightshoot pleaded guilty to being a Felon in Possession of a Firearm on June 7, 2011.  (Doc. 19).  The Court sentenced Nightshoot to 27 months of custody, followed by 3 years of supervised release.  (Doc. 29).  Nightshoot's

current term of supervised release began on July 12, 2018.  (Doc. 47 at 1).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court  revoke Nightshoot's supervised release on March 3, 2022.  (Doc. 47).  The Amended Petition alleged that Nightshoot had violated the conditions of his supervised release: 1) by committing other crimes; and 2) by consuming alcohol.

**Initial appearance**

Nightshoot appeared before the undersigned for his initial appearance on May 3, 2022.  (Doc. 47).  Nightshoot was represented by counsel.  Nightshoot stated that he had read the petition and that he understood the allegations. Nightshoot waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 10, 2022.  Nightshoot admitted that he had violated the conditions of his supervised release: 1) by committing other crimes; and 2) by consuming alcohol.  The violations that Nightshoot admitted are serious and warrant revocation of Nightshoot's supervised release.

Nightshoot's violations are Grade A violations. Nightshoot's criminal history category is II. Nightshoot's underlying offense is a Class C felony. Nightshoot could be incarcerated for up to 24 months. Nightshoot could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 15 to 21 months.

### III. Analysis

Nightshoot's supervised release should be revoked. Nightshoot should be incarcerated for 14 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Nightshoot should serve his term of custody at the Federal Correctional Institution in Sandstone, Minnesota.

### IV. Conclusion

The Court informed Nightshoot that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Nightshoot of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Nightshoot that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

3

The Court **FINDS:**

> That Shilo Bill Nightshoot violated the conditions of his supervised release by committing other crimes; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Nightshoot's supervised release and commit Nightshoot to the custody of the United States Bureau of Prisons for a term of 14 months, with no supervised release to follow. Nightshoot should serve his term of custody at the Federal Correctional Institution in Sandstone, Minnesota.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

4

judge.

DATED this 11th day of May, 2022.

John Johnston
United States Magistrate Judge